GEORGE V. HILL, APPELLEE, v. UNION PACIFIC RAILROAD
COMPANY, APPELLANT.

FILED MAY 15, 1914.   No. 17,935.

1. State Railway Commission: APPEAL TO SUPREME COURT.   Section 7,
   art. VIII, ch. 72, Comp. St. 1911, providing for a direct appeal from
   an order of the state railway commission to the supreme court, is
   special in its nature, is to be strictly construed, and governs the court
   as to the manner of procedure.

2. ———: ———: REVIEW.   On the hearing of such an appeal, the or-
   der of the commission will be affirmed, unless it appears from the
   record and evidence that there was prejudicial error in the hearing
   before the commission, that the order is unreasonable or unjust or
   that the commission exceeded its powers.

3. Railroads: REGULATION: STATE RAILWAY COMMISSION.   Evidence ex-
   amined, and found to be insufficient to require a reversal of the order
   of the railway commission.

APPEAL from the State Railway Commission.   *Affirmed.*

*Edson Rich,* for appellant.

*Grant G. Martin, Attorney General,* and *J. G. Beeler,*
*contra.*

BARNES, J.

This case is before us on a direct appeal from an order
of the Nebraska state railway commission requiring the
Union Pacific Railroad Company to construct a depot and
install an agent therein at the village of Gandy.

The appellant has filed a motion asking the court to
remand the cause to the commission for the purpose of
taking further testimony and making a different order.
The application is supported by affidavits showing, or
tending to show, some change in the conditions since the
order appealed from was made.   This application should
be determined before the questions raised by the appeal
are considered.

We held in *Hooper Telephone Co. v. Nebraska Telephone*
*Co.,* p. 245, *post,* that the jurisdiction of this court upon

such appeals is only to reverse, vacate or modify the order of the commission, which will not be done unless it appears from the record that there was error in the proceedings before the commission prejudicial to the appellant, or that the commission has exceeded its power. If the order is affirmed, it becomes the final order of the commission, and the judgment of this court affirming the order is without prejudice to future applications to the commission for a modification of the order. The motion to remand to the commission is overruled.

We come now to the consideration of the order from which the appeal is taken. It appears that the complainant, George V. Hill, is a resident of the village or town of Gandy, and is chairman of the board of trustees of said village; that Gandy is the county seat of Logan county; that the Union Pacific Railroad Company, hereafter called the appellant, has constructed and is operating its line of railway through said county at a point about one and a half miles from the said village; that an addition to the village has been laid out, which extends to the appellant's railroad.

It further appears that since this complaint was filed appellant has established a depot at Stapleton, about three miles from the town of Gandy, and has refused to build a depot and establish an agent at the latter point, and the town and its inhabitants, and the inhabitants of the surrounding country, are thus denied railroad facilities. Thus far the parties have agreed upon the facts, and therefore they may be said to be established without any dispute. The amount of business which the railroad facilities would bring to the appellant at the point in question is not shown, and it is difficult to see how it could be ascertained until after a depot is furnished and an agent installed, and the business is conducted for at least some reasonable length of time.

On the hearing before the commission, it seems to have been practically agreed by both parties that, brushing aside all of the immaterial issues involved, the question to be determined was, What is Gandy and the surround-

ing country entitled to in view of their location, and all of the existing circumstances? It appears that the population of Gandy, as given by the last census report, was 318, and at the time of taking the census it had no railroad facilities nearer than 20 or more miles; that Gandy, previous to the time of building the extension of the appellant's railroad, was the business center of Logan county, and had a courthouse, two banks, and a number of well-established business houses. It is situated on an elevated site in the Loup Valley. As to the construction of the contiguous railroad line, it was contended that it was impracticable to leave the valley along which the road is built, and attempt to climb the grade to the town of Gandy, consequently the road was located at one and a half miles north of the village. It is the contention of the railroad company that the citizens of Gandy and vicinity are reasonably well served at Stapleton, where a depot has been built and an agent installed, and that the company should not be compelled to provide facilities for the people of Gandy. The evidence shows that Gandy has been the county seat of Logan county for more than 20 years; that the major portion of the local business of appellant's railroad would come from a farming settlement on what is known as the "Garfield Table," where most of the farm products of the county are produced; that in order to reach Stapleton those products will have to be hauled through Gandy, the distance between Gandy and Stapleton being something over three miles; that the road is very sandy, while the road between Gandy and the point on the railroad one and a half miles north of the town is solid, and can be well maintained.

It appears to have been argued before the commission by the appellant that most of the business houses formerly located in Gandy have moved to Stapleton, and it is only a matter of time until they will all be moved, and that eventually the courthouse will be located there. It appears, however, that a large number of persons are desirous of maintaining their homes at Gandy; that they have so maintained them for many years, having no rail-

road facilities, and now that the railroad has been built they insist that they should have the opportunity of enjoying the benefit of it at its nearest possible point. A large part of the strictly farming population of Logan county lies south and east of Gandy, making a longer and more difficult haul necessary if Stapleton is to be the only place where railroad facilities are furnished. Logan county is sparsely populated. The courthouse was built many years ago; the bonds issued for its construction have just been paid; and it may be that the citizens of the county are not ready to assume the new obligation for the construction of another courthouse, but will prefer to put up with the present inconvenient location for a considerable period. The commission found that it has no way to estimate the earnings of this line of road, but that the company has obligated itself by such construction to give reasonable service to the community through which it passes; that, had Gandy not been built and the county seat not located previous to the time the road was constructed, the prayer of the petition might properly be denied, but under existing circumstances it was the opinion of the commission that the rights of the people should be protected. The commission also found that the peculiar situation existing at Gandy was to be considered as, a ruling factor in determining the question at issue, and the finding of the commission was: "That the defendant company shall make provision at the most convenient point on its line north of the village of Gandy to receive and discharge passengers and freight; that a small station building shall be constructed; that blue prints and specifications of the proposed building shall be submitted to the commission on or before December 15, 1912, and that the building shall be completed on or before June 1, 1913, and an agent installed." A more detailed statement of the evidence is unnecessary, for it would add nothing to the value of our opinion.

It does not appear from the record that the commission has exceeded its power, that the order is unreasonable or

unjust, and, no prejudicial error appearing, the order of the commission is

AFFIRMED.