Safeway Cabs, Inc., a corporation, et al., appellants,
v. Michael O. Honer, appellee.

48 N. W. 2d 672

Filed June 29, 1951. No. 33000.

*Kennedy, Holland, DeLacy & Svoboda, Swenson, Viren & Turner,* and *Frost, Peasinger & Meyers,* for appellants.

*Pilcher & Haney,* and *Loyal G. Kaplan,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Carter, J.

Appellants have filed a motion for a rehearing of an order of this court which denied their application for a stay and abeyance order pending the final determination of the appeal on its merits. The importance of the litigation requires that the court clarify its order by the filing of an opinion setting out the reasons therefor.

On February 15, 1938, the Nebraska State Railway Commission issued a certificate of convenience and necessity to Michael O. Honer to operate a taxicab in Omaha as a part of the Checker Cab fleet of taxis. Honer was injured in an accident and was unable to operate his taxi for more than a year. Safeway Cab Company and others sought the cancellation of the Honer certificate

of convenience and necessity before the railway commission for nonuse. One Gillard negotiated for the purchase of Honer's taxicab and filed an application for Honer's operating rights. The railway commission sustained Gillard's application. Gillard immediately completed his deal with Honer and proceeded to operate under his certificate. Appellants appealed to this court from the granting of the certificate of convenience and necessity to Gillard, which appeal is now pending.

On January 16, 1951, the appellant cab companies filed an injunction suit against Gillard by which they attempted to restrain his operations pending the appeal. A temporary injunction was denied and, after filing an answer, the cab companies dismissed the suit.

The record shows that Gillard was not permitted to operate as a part of the Checker Cab fleet of taxis because of some difficulty with the Checker Cab Company. He then undertook to operate independently. On January 16, 1951, the Checker Cab Company secured an injunction restraining the use by Gillard of the name and color scheme of the Checker Cab Company. Gillard thereupon removed the name and color scheme of the company from his cab and applied to the railway commission for an order approving such removal, pending the final disposition of the company's injunction suit. This application has been heard by the railway commission and remains under advisement so far as the record shows.

The appellant cab companies, after completing their appeal to this court from the commission order refusing to cancel the Honer certificate for nonuse and approving the transfer of Honer's operating rights to Gillard, filed a motion in this court for a stay and abeyance order pending the outcome of the appeal. The motion was overruled by this court and that matter is again before us on a motion for a rehearing.

The appellants contend that a stay and abeyance order is authorized by section 75-416, R. R. S. 1943, which provides: "The order or orders provided for in

sections 75-412, 75-413 and 75-415 shall be in force and effect from and after the date fixed by the State Railway Commission, and shall so remain until annulled, modified or revised by the commission, or until finally adjudged to be unreasonable and unjust in a court of competent jurisdiction, and no further hearing need be had before the commission with reference to the order or orders; Provided, if the railway company, common carrier, person or persons affected by the order or orders shall commence any proceeding or proceedings, as hereinbefore provided, affecting any decision, rule or order of the commission, such order or orders shall be held in abeyance until finally determined in such court." It will be noted that section 75-416, R. R. S. 1943, applies only to orders provided for in sections 75-412, 75-413, and 75-415, R. R. S. 1943. An examination of these sections reveals that they apply to hearings on complaints by the public filed against a carrier (75-412), complaints filed by the railway commission against carriers (75-413), and the procedures to be followed in disposing of such complaints (75-415). They do not in anywise pertain to orders of the commission entered pursuant to section 75-240, R. R. S. 1943, under which the order granting a certificate of convenience and necessity to Gillard was issued. It is clear the Legislature intended that the abeyance orders authorized by section 75-416, R. R. S. 1943, should be available only in cases where complaints were filed against existing operators and that adverse orders growing out of complaints should not be placed in effect until their validity was finally determined. The very fact that section 75-416, R. R. S. 1943, specifies the sections to which it is to apply indicates that it was not to apply to others.

Appellants urge that an abeyance order is proper under the holdings of this court in Hooper Telephone Co. v. Nebraska Telephone Co., 96 Neb. 245, 147 N. W. 674; Hill v. Union P. R. R. Co., 96 Neb. 205, 147 N. W. 681; and Byington v. Chicago, R. I. & P. Ry. Co., 96 Neb.

584, 148 N. W. 520. The foregoing cases are complaint cases. They were controlled by section 10 (b), Chapter 90, Laws 1907, which is, in substance, the same as section 75-416, R. R. S. 1943. Consequently, the abeyance statute (75-416) was properly applied in those cases and they do not constitute a precedent for the abeyance of an order of the railway commission issued pursuant to section 75-240, R. R. S. 1943.

The only supersedeas provided for in appeals from the railway commission is contained in section 75-408, R. R. S. 1943. No supersedeas bond was given in the present case and no claim is made that an abeyance order should be allowed by virtue of that section of the statute.

It is urged by appellants that this court has inherent power to stay the order granting a certificate of convenience and necessity to Gillard pending an appeal from the order in which it is granted. In a proper case, when cogent reasons require, the court has the inherent power to stay an order of the commission pending the determination of the merits of the order on appeal. The granting of a certificate of convenience and necessity is an administrative act by the railway commission. The order is presumptively valid. The function of this court is to determine only if its issuance was arbitrary and unreasonable. This court is not a superior railway commission with authority to substitute its judgment for that of the commission. The staying of an order granting a certificate of convenience and necessity, especially when it involves a transfer of the property of an existing carrier to a new owner, could cause great damage. The evidence before us does not indicate that a stay order maintaining the status quo is required to protect the parties from great loss or injury. Unless such reasons are shown to exist, this court will not ordinarily assert its inherent power to stay a railway commission order pending the determination of an appeal on its merits. For the reasons stated we decline to stay the order

granting a certificate of convenience and necessity to Gillard pending the appeal.

For the reasons stated we find that the order of this court overruling appellants' application for a stay and abeyance order was in all respects correct. The motion for a rehearing is therefore denied.

REHEARING DENIED.