In re Application of Harry E. Robinson, doing business as Big Red Mobile Home Transporter, Lincoln, Nebraska.
Harry E. Robinson, doing business as Big Red Mobile Home Transporter, appellee, v. National Trailer Convoy, Inc., et al., appellants.
197 N. W. 2d 633

Filed May 19, 1972. No. 38056.

Nelson, Harding, Marchetti, Leonard & Tate, David R. Parker, Everett C. Pilcher, and Pilcher, Howard & Dustin, for appellants.

James E. Ryan, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

White, C. J.

This is an appeal from an order of the Nebraska State Railway Commission granting a certificate of public

convenience and necessity for the transportation of mobile homes to the appellee, Harry E. Robinson. The three protestants, National Trailer Convoy, Inc., Morgan Drive Away, Inc., and Mike's Trailer Service, Inc., are licensed common carriers of mobile homes and trailers.

The record shows that Robinson, the appellee herein, has been involved in the transportation of mobile homes and trailers for many years, starting about 1946. At one time he worked for one of the protestants. The record also shows that recently he obtained an interest in a mobile home sales business in Lincoln, Nebraska. Consequently, he has a need to transport mobile homes incident to his business.

Robinson filed his application on December 4, 1969. At the hearing on the application, Robinson produced evidence to prove that he was experienced in the business of transporting mobile homes; that he owned special equipment for such purposes; and that he was financially able to perform the proposed service. The Commission found that the appellee was fit, willing, and able to properly perform the proposed service.

The statute requires: First, that an applicant be fit, willing, and able to properly perform the proposed service; and second, that the service offered is or will be required by the present and future public convenience and necessity. § 75-311, R. R. S. 1943.

The major issue appears to be whether the proposed service offered by Robinson is or will be required by the present and future public convenience and necessity. As we have often said, this determination by the Commission is a matter peculiarly within its expertise and involves a breadth of judgment and policy determination that will not be disturbed by this court in the absence of a showing that the action of the Commission was illegal or arbitrary, capricious, and unreasonable. The striking of the balance between the competing interests of legitimate competition and the

protection of the public interest are matters of ·legislative and administrative determination peculiarly resting in the judgment of the Commission. Furstenberg v. Omaha & C. B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756. This authority in the Commission arises from both the Constitution and the delegated authority of the Legislature.

We recently said in Neylon v. Petersen & Petersen, Inc., 181 Neb. 143, 147 N. W. 2d 488, as follows: "The determination of the public interest in such a case is one that is peculiarly for the determination of the commission. If there is evidence to sustain the finding of the commission, this court cannot intervene. It is only where the finding of the commission is against all the evidence that this court may hold that the commission's finding on the evidence is arbitrary and capricious."

We review the evidence briefly to ascertain if there is a rational basis for the Commission's conclusions. Representatives of several mobile home sales businesses in the Lincoln area testified that the demand for transporting mobile homes around the Lincoln area was growing and was expected to continue to grow due to increased sales and revised zoning ordinances. One such witness complained that there was such a "crying need" for transportation services about the Lincoln area that the granting of authority to the appellee would still leave the demand for such services high above the available supply.

Several other witnesses not in the mobile home sales business testified concerning problems they encountered in moving mobile homes to or from the Lincoln area. Several complained of difficulty in even contacting the existing carriers and many who established contact found that it was several days or weeks before an existing carrier could transport their mobile home.

A representative for each of the three appellants in this case appeared at the hearing to protest a granting of authority to the appellee. The thrust of their tes-

timony was that the demand for service was seasonal; that delays during the peak of the season could be expected from time to time; and that if the demand could be anticipated in advance, additional equipment could be scheduled for intrastate transporting of mobile homes in Nebraska.

Based upon this evidence, the Commission concluded that the public convenience and necessity required the appellee's application for authority be granted in part and denied in part. While the appellee requested and was granted authority to make shipments both originating and terminating at points within the state other than the Lincoln area, the Commission limited the grant to a terminal site in the Lincoln metropolitan area only.

It is apparent, even from this brief review, that there was conflicting testimony on this basic issue. The Commission is charged with the responsibility of supervising common carriers in the areas involved and may draw upon its general knowledge and familiarity in determining the needs and requirements of transporting mobile homes. It could reasonably have found, under the evidence, that there was a public need for transportation services in the Lincoln area and restricted the grant to a terminal site in the Lincoln metropolitan area only. There is evidence in this record which would support the conclusion that even after the granting of the authority to Robinson, the demand for such transportation services would be above the available supply. It could reasonably have found that there was a peculiar problem connected with the peak or seasonal loads in the mobile home sales business in the Lincoln area. That being true, it is not for this court, sitting as a court of review, to disturb its judgment that the grant herein was in the public interest. Neylon v. Petersen & Petersen, Inc., *supra.*

Turning to the issue of fitness the protesting appellants point to the following as evidence as to a lack of fitness: The appellee's lengthy association with the ap-

pellant Morgan Drive Away, Inc., was terminated after the appellee was involved in an accident while moving a mobile home; the appellee submitted an allegedly incomplete and inaccurate financial statement to the Commission; the appellee transported mobile homes for the mobile home sales business in which he has an interest and, according to the appellants, such uncertified carriage was a violation of section 75-309, R. R. S. 1943; and the obligation to move his own business property conflicts with the appellee's common carrier obligations.

We observe that these claims on the part of the appellants are either denied or explained by Robinson and the weight to be given to them is clearly a matter of judgment to be exercised by the Commission. In substance, the Commission rejected the contention that Robinson could not be properly supervised and would not be responsive to legal orders and regulations of the Commission. On the other hand, the record clearly shows that Robinson has sufficient experience, equipment, and finances to justify the Commission's conclusion that he could willingly and ably perform the proposed service.

Under these circumstances we think it inappropriate for this court, sitting in review, to balance or weigh the credibility of the detailed evidence. As we have stated before, it is within the authority of the Commission exercising its judicial powers to weigh this evidence along with all of the other evidence in the record and reach a determination as to fitness. Our function in review is only to determine whether it has a rational basis and is not arbitrary, capricious, or unreasonable. Furstenberg v. Omaha & C. B. St. Ry. Co., *supra*. On the record as a whole we hold that the Commission's determination was within its authority, reasonable, and not arbitrary or capricious.

We, therefore, hold that the order of the Nebraska State Railway Commission granting limited authority

to the appellee, Harry E. Robinson, is affirmed.

AFFIRMED.