IN RE APPLICATION OF RED CARPET LIMOUSINE SERVICE, INC.
RED CARPET LIMOUSINE SERVICE, INC., APPELLEE, V. YELLOW
CAB COMPANY ET AL., APPELLANTS.

377 N.W.2d 91

Filed December 6, 1985.   No. 84-486.

Marshall D. Becker, for appellants.

Arlyn L. Westergren and, on brief, Jeffrey B. Farnham and Casey J. Quinn, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

On May 22, 1984, the Nebraska Public Service Commission granted Red Carpet Limousine Service, Inc., the authority to operate as a common carrier in Nebraska intrastate commerce in the transportation of passengers by limousine between points within a 50-mile radius of Omaha, over irregular routes. A certificate of public convenience and necessity was issued in that order.

Protestants, Yellow Cab Company, Checker Cab Company, Airport Transportation Company, Handicab Company, and Hunt Transportation, Inc., doing business as Happy Cab, and intervenor in opposition, Old Market Limousine Service, Inc., appeal.

We have held that under Neb. Rev. Stat. § 75-311 (Reissue 1981), an applicant for a certificate of public convenience and necessity has the burden of showing that the authority he seeks is required by the public convenience and necessity, and the determination of that issue is peculiarly within the discretion

and expertise of the Public Service Commission. *Gentry Real Estate Co. v. King's Limousine Service, Inc.*, 201 Neb. 761, 272 N.W.2d 359 (1978).

In determining the issue of public convenience and necessity, controlling questions are whether the operation will serve a useful purpose responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served by the applicant in a specified manner without endangering or impairing the operations of existing carriers contrary to the public interest. *In re Application of Greyhound Lines, Inc.*, 209 Neb. 430, 308 N.W.2d 336 (1981); *Black Hills Stage Lines, Inc. v. Greyhound Corp.*, 174 Neb. 425, 118 N.W.2d 498 (1962).

The standard of review for this case is well established. Upon an appeal from an order of the commission granting a certificate, this court may decide only whether the commission acted within the scope of its authority and whether the order in question was reasonable and not arbitrarily made. *In re Application of Greyhound Lines, Inc., supra*; *Wells Fargo Armored Service Corp. v. Bankers Dispatch Corp.*, 186 Neb. 261, 182 N.W.2d 648 (1971).

If there is evidence to sustain the finding of the commission, this court cannot intervene. It is only where the findings of the commission are against all the evidence that this court may hold that the commission's finding on the evidence is arbitrary. *In re Application of Greyhound Lines, Inc., supra*; *Neylon v. Petersen & Petersen, Inc.*, 181 Neb. 143, 147 N.W.2d 488 (1966).

The appellants argue that this court may intervene in the present case because the Public Service Commission acted arbitrarily in granting the appellee, Red Carpet Limousine Service, Inc., the requested authority. We agree and reverse, finding that Red Carpet Limousine failed to demonstrate two of the three requirements for a certificate of public convenience and necessity: (1) That its proposed operation will serve a useful purpose responsive to a public demand or need; and (2) That this purpose cannot or will not be served as well by existing carriers. We make no finding as to the third requirement, that the purpose can be served by the applicant in a specified manner

without endangering or impairing the operations of existing carriers contrary to the public interest.

A review of the testimony before the Public Service Commission demonstrates the lack of evidence to sustain the issuance of the certificate of public convenience and necessity. Jay D. Bowman testified as the president and sole stockholder of the appellee, Red Carpet Limousine Service, Inc. He proposes to station the corporation's one limousine at Eppley Airfield and employ three drivers to provide 24-hour service. Bowman stated that he is most interested in gaining the business traveling in and out of Eppley Airfield and between the Millard Airport and Ak-Sar-Ben. However, Bowman cast doubt on the need for the service between the Millard Airport and Ak-Sar-Ben by testifying that that route is currently served by Limousines Limited and that the management of that company is considering abandoning the service. Further, the president of Old Market Limousine Service, Inc., testified that her company could respond to a call from its courtesy phone at Eppley Airfield within 10 minutes.

Bowman also testified that Red Carpet Limousine Service, Inc., would answer a particular public need in that it would charge a minimum 1-hour fee rather than the 2-hour minimum fee required by Old Market Limousine Service, Inc.

There are two problems with the appellee's emphasis on this feature of its proposed service as the basis for its claim to serve a public need. First, Red Carpet Limousine has not submitted a rate schedule for its proposed services. The 1-hour minimum fee is rendered meaningless for purposes of comparison without that evidence. Second, the appellee has not supplied evidence of a minimum fee charged by the three other Omaha and Millard limousine services. These companies may already provide the service which Red Carpet Limousine proposes.

Several of Bowman's personal friends testified that they would use Red Carpet Limousine's proposed service, but most of them admitted that they had never used or inquired about the existing limousine services. One such witness even admitted that the potential user of Red Carpet Limousine's service currently has access to free transportation with his own company messenger service.

Kay E. Neil, president of the Douglas County Chapter of Mothers Against Drunk Driving, testified to the organization's general promotion of alternative driving services to provide "safe rides." She did not testify, however, that Red Carpet Limousine could provide better "safe rides" than the taxicab companies are currently providing, nor that the public demands that service in luxury automobiles.

The appellee, Red Carpet Limousine Service, Inc., simply has not met the burden of proof required for an application under § 75-311. Exemplary cases demonstrating the required showing by an applicant for a certificate of public convenience and necessity are *In re Application of Greyhound Lines, Inc.*, 209 Neb. 430, 308 N.W.2d 336 (1981); *Gentry Real Estate Co. v. King's Limousine Service, Inc.*, 201 Neb. 761, 272 N.W.2d 359 (1978); and *Robinson v. National Trailer Convoy, Inc.*, 188 Neb. 474, 197 N.W.2d 633 (1972).

Red Carpet Limousine's showing of public need simply does not rise to the level of need demonstrated in the above-cited cases. We find that the evidence is insufficient to sustain the finding of the Public Service Commission; that finding was arbitrary and unreasonable. Its order is reversed.

REVERSED.