ANDREW SHERMAN REALS, APPELLEE, V. CHARLES GRAZIS, APPELLANT.

FILED JANUARY 26, 1934. No. 28766.

*King & Haggart,* for appellant.

*Raymond E. McGrath, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACKLEDGE and RYAN, District Judges.

DAY, J.

This is an action to recover damages for personal injuries resulting from an accident in which plaintiff, who was a pedestrian on the highway, was struck by defendant's automobile. The plaintiff was walking along the road following a team hitched to a harrow driven by his stepson. In an attempt to pass the plaintiff, his stepson, and the team, the defendant collided with plaintiff. The defendant appeals from a judgment in favor of plaintiff.

The defendant complains that the court's instruction to the jury relating to comparative negligence was erroneous. The part of the instruction causing the complaint here is: "Plaintiff's damages must be reduced in the proportion that plaintiff's contributory negligence bears to the whole amount of damages sustained." The language challenged was criticized in *Sgroi v. Yellow Cab & Baggage Co.*, 124 Neb. 525. The instruction in this case is not identical with the one in the *Sgroi* case, but both contain the statement to which objection is made. In the *Sgroi* case, the court held it did not constitute prejudicial error, since it could only affect the amount of the verdict and there was no complaint that the amount of the verdict was excessive. It could not be prejudicial in this case, since the evidence would not support a finding that there was any contributory negligence on the part of the plaintiff.

The evidence discloses that the plaintiff was walking along a graveled street, where the conditions were similar to that of a country highway, following a team driven by his stepson. The defendant drove up behind the plaintiff and brought his car almost to a stop. The plaintiff saw the defendant in his car and signaled that he was about to turn left into a private driveway. Thereafter, the defendant attempted without warning to pass the plaintiff, in daylight, and in doing so struck him in the back, injuring him. True, defendant testified about plaintiff: "Why, when I started to turn, Mr. Reals, he raised his hands up, and when I was about two feet from him

he raised his hands up and walked right into my car and he catched first the bumper by his leg and put him back on my fender and he rolled down from the car about two foot." The physical facts are such that this could not have been the situation at the time the accident happened. The record is that the plaintiff was naturally very much excited at the time, then made statements contradictory, and that there would not have been an accident under such conditions. His cross-examination indicates that, at the time of the trial, he really did not know in detail how the accident happened. There is no evidence from which an inference of negligence may be drawn on the part of the plaintiff. The negligence of the defendant was so obviously the proximate cause of the accident that no other verdict except one for the plaintiff could have been sustained.

Since there was no issue of fact upon the question of contributory negligence, an instruction on comparative negligence should not have been given. But the giving of such an instruction was not prejudicial to the defendant, although it might have been to the plaintiff if the verdict had been adverse to him. Where evidence does not disclose contributory negligence on the part of the plaintiff, an instruction should not be given on comparative negligence. *Lewis v. Miller,* 119 Neb. 765. In such a case, if an erroneous instruction is given which submits issues to jury without support in the evidence and there was no prejudice to complaining party, it is not reversible error. *Stiefler v. Miller,* 120 Neb. 11.

A physician testified concerning the plaintiff's heart condition due to pneumonia resulting from the accident. The defendant's motion to strike this testimony was sustained on the theory that an allegation of internal injuries, where specific injuries to other parts of the body had been pleaded, did not permit introduction of evidence as to the condition of the heart. Later, the trial court permitted the same physician to testify as to the condition of the heart, upon a question as to plaintiff's present

condition, there being an allegation in the petition relating to his present physical condition. The physician testified as to the physical injuries to the plaintiff. He testified that he took an X-ray and put him in bed and applied heat to keep him warm, because, following an injury of this kind where there is a fracture, there is always a shock to the system and a lowering of the circulation, and it is necessary to apply heat to make up for the deficiency of the shock; that on the fourth day symptoms indicated the approach of pneumonia, which people of plaintiff's age often develop when it is necessary to keep them flat on their back as a result of injury. The doctor further testified positively that the pneumonia was a direct result of having to keep the plaintiff flat on his back because of the injury, together with the shock from the accident lowering the resistance. The doctor further testified that his present condition was such as a result of the pneumonia which caused the heart damage; also that he was unable to work without becoming very short of breath. It is the testimony of the doctor concerning the condition of the heart that is the cause for complaint. In the state of the record which establishes without dispute (there being no medical testimony introduced on behalf of defendant) that the plaintiff was injured and that as a result of such injuries he developed pneumonia with the subsequent heart injury, we think the proof clearly conforms to the pleadings; which alleged that the plaintiff was injured as a result of the accident, and that due to said injuries he was "totally disabled and incapacitated since the accident;" and that the evidence was clearly admissible.

Another assignment of error is directed to the giving of the instruction on damages. The objection to the instruction is that the jury were not told that damages for future loss of earnings and pain and suffering were only such as are reasonably certain to result from the accident. The objection is not well taken, as the instruction directs the jury to return an amount which will fairly compen-

sate the plaintiff for the damage he has sustained, including pain and suffering. The instruction as given does not violate the rule announced in the case cited by the appellant, *Burkamp v. Roberts Sanitary Dairy,* 117 Neb. 60, in which case the court instructed the jury that in fixing plaintiff's damages they may consider the pain and suffering which plaintiff "will probably suffer in the future." The instruction in this case did not instruct the jury that plaintiff could recover for future pain and suffering. Pain and suffering already endured were, of course, a proper element.

Another instruction concerning which complaint is made relates to the relative rights of the parties in the highway. The instruction given by the court upon this question in general terms defined the rights of the respective parties in the highway. The instructions requested by the defendant upon this subject are not applicable to the facts in the case. The legal rights of a pedestrian in the highway and the driver of an automobile were determined by this court in *Cotten v. Stolley,* 124 Neb. 855.

The defendant asserts that the verdict was excessive. The plaintiff recovered a verdict for $6,000. The trial court required the plaintiff to file a remittitur of $1,500, which was done, making the judgment as it now stands $4,500. This court has given careful consideration to the very serious injuries of the plaintiff and in addition has considered his age and earning capacity and is of the opinion that the judgment of $4,500 is not excessive in view of the evidence in this case.

AFFIRMED.