In re Application of Faye Parsons, doing business as
Falls City-Lincoln Stage Line.
Faye Parsons, appellant, v. Nebraska State Railway
Commission, appellee.

147 N. W. 2d 521

Filed December 29, 1966.  No. 36333.

Harold L. Gurske, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer
G. Hamilton, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Brower,
Smith, and McCown, JJ., and Boyles, District Judge.

Boslaugh, J.

The applicant, Faye Parsons, operates a bus line be-
tween Falls City and Lincoln, Nebraska, under the name
of Falls City-Lincoln Stage Line.  The application sought
authority to change the route over which the bus line
operates.  The commission found that the proposed serv-
ice was not required by present or future public conven-
ience and necessity and denied the application  The
applicant has appealed.

The applicant's present route runs from Falls City
through Humboldt, Table Rock, Pawnee City, Tecumseh,
and into Lincoln.  The applicant proposes a route through
Auburn which would eliminate Humboldt, Table Rock,
and Pawnee City but would rejoin the present route at
Tecumseh.

The applicant produced evidence tending to show that
the bus line operated at a loss of more than $6,300 in
1965.  The one-way distance over the proposed route is

approximately 5 miles less than that of the present route. The applicant contends that the proposed route would result in a decrease in operating expense, estimated to amount to about $2,800 annually, and that this saving is necessary if the applicant is to continue in operation.

The examiner's report challenged the accuracy of the financial information submitted by the applicant. The statements do not appear to have been audited. Some of the expense items appear to be erroneous. It is not clear how the estimated saving in operating expense was computed. Exhibit 3, introduced by the applicant, seems to indicate that Humboldt, Table Rock, Pawnee City, and Steinauer Corner generated about 23 percent of the applicant's passengers in 1965. The evidence does not show what revenue loss would result from the elimination of these stops on the proposed route.

There is no evidence as to the revenue applicant would realize from traffic to be generated on the new portion of the proposed route. There was testimony that some passengers might be obtained from Peru and Peru College located about 11 miles northeast of Auburn, and that the proposed route would permit a south-bound connection from Lincoln with the Greyhound Bus Line at Auburn. There was no estimate as to the volume of traffic which the applicant expected to receive from the new portion of the route.

Before the commission may issue a certificate of public convenience and necessity it must find that the proposed service is or will be required by the present or future public convenience and necessity. § 75-311, R. S. Supp., 1965. A certificate of public convenience and necessity for regular route transportation of passengers is improperly issued in the absence of proof of both public convenience and necessity. The Greyhound Corp. v. American Buslines, Inc., 178 Neb. 9, 131 N. W. 2d 664.

The burden was on the applicant to show that the proposed service was required by public convenience and necessity. The record sustains the finding of the com-

mission that the proposed service was not required by present or future public convenience and necessity and shows that the order of the commission was not unreasonable or arbitrary.

The order of the Nebraska State Railway Commission is affirmed.

AFFIRMED.