CLARA SNYDER, APPELLANT, V. FORT KEARNEY HOTEL COMPANY, INC., A CORPORATION, APPELLEE.

157 N. W. 2d 782

Filed March 29, 1968. No. 36807.

Mitchell, Taylor & Beatty, for appellant.

Tye, Worlock, Tye & Jacobsen and Jeffrey L. Orr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This action is based on personal injuries alleged to have been sustained as the result of a fall in defendant's hotel. Defendant's motion for summary judgment was sustained and plaintiff appeals.

Plaintiff's petition alleges she entered the hotel for the purpose of having lunch and while there, sought to enter the ladies restroom which was on the second floor. The restroom door opened off a second-floor hallway; immediately behind the door was approximately a 6-inch step-up or change in floor level which plaintiff struck with her foot, causing her to fall and break her hip. In substance, the plaintiff's charges of negligence are that the change in floor level constituted a dangerous condition, inadequate illumination in the hallway, a glaring effect produced by the white tile floor in the restroom impairing vision, and lack of proper warning of the change in floor level.

For answer to the petition, defendant admitted ownership and operation of the hotel, and that plaintiff fell and was injured at the time and place alleged; generally denied all other allegations; and alleged that the hallway was well lighted, that the restroom door had a clearly visible sign on the outside. "WOMEN STEP UP," and on the inside, "STEP DOWN PLEASE," familiarty of plaintiff with the premises, clear visibility of the floor elevation, and contributory negligence.

In the absence of a reply, the allegations contained in the answer must be considered to be denied by plaintiff.

Pictures of the scene of the accident were received in evidence but there being insufficient foundation therefor cannot be considered at this time.

Evidence gleaned from the plaintiff's deposition and affidavit reveals the facts hereinafter set out. She was 66 years of age, went to the hotel for the purpose alleged in her petition, fell at the restroom door due to stumbling on the step-up into the restroom, and was injured. The hallway was poorly illuminated, she failed to note whether or not there was a sign on the door as on reaching it, she met other people in the hallway, stepped next to the wall adjacent to the door, opened it, and proceeded to enter. She failed to notice the change in floor elevation due to a glaring light inside reflecting off the white tile

floor. It "seemed real bright" after being in the dimly lit hallway and she did not look down on entering. She had been in the hotel restroom at least once several months before, but did not recall the change in floor elevation. She said that a statement given by her soon after the accident when in a hospital was taken when she was in shock and unable to answer intelligently. She denies any recollection of it.

The previous statement given by plaintiff contradicts the evidence given in her deposition in several material aspects, but does not serve to cancel any issues of fact raised by her testimony and pleadings. An extrajudicial admission is not ordinarily final and conclusive upon the party by whom it is made. See, Aye v. Gartner, 172 Neb. 162, 108 N. W. 2d 798; Vermaas v. Heckel, 170 Neb. 321, 102 N. W. 2d 647.

Section 25-1332, R. R. S., 1943, provides that a summary judgment may be entered when it appears: "* * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is true that the existence of a change in floor level in a business establishment and the fact that an invitee falls thereon is insufficient to establish negligence. See Annotation, 65 A. L. R. 2d, p. 482. However, such factors, when coupled wtih other conditions may constitute negligence. See, Annotation, 65 A. L. R. 2d, p. 473; Annotation, 66 A. L. R. 2d, p. 443. The cases cited in the foregoing annotations amply demonstrate that a change in floor level, coupled with an inadequate warning where the condition is not obvious, or with such factors as inadequate illumination or blinding light may present a dangerous situation sufficient to form a basis for a finding of negligence.

Here the record discloses the presence of allegations and evidence indicating inadequate illumination in the hallway, a glaring effect in the restroom, and the absence of readily observable signs warning of a change in floor level. The present record fails to establish the nature

or existence of warning signs at the time and place of the accident, or that the change in floor level was so obvious that it did not create a dangerous condition. It also reflects a dispute of fact in regard to the adequacy of the lighting arrangements and plaintiff's familiarity with the premises. Under such circumstances, we are unable to conclude that no issue of fact arises either in regard to defendant's negligence or plaintiff's contributory negligence. The judgment of the trial court is reversed and the cause is remanded.

REVERSED AND REMANDED.

SMITH, J., participating on briefs.