CLARA SNYDER, APPELLANT, V. FORT KEARNEY HOTEL CO.,
INC., A CORPORATION, APPELLEE.

176 N. W. 2d 686

Filed April 24, 1970.  No. 37444.

Mitchell & Beatty, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for damages for personal injuries
sustained by the plaintiff as the result of a fall in de-
fendant's hotel. The jury verdict was for the defendant
and the plaintiff has appealed.

The sole assignment of error is that the trial court
failed to give an instruction on the statutory compara-
tive negligence rule. There was also no instruction on
contributory negligence, although that issue was raised
by the pleadings and the evidence. The essential facts
are set out in our former opinion. Snyder v. Fort Kear-
ney Hotel Co., Inc., 182 Neb. 859, 157 N. W. 2d 782.

At the trial involved in this appeal, although it was
mentioned to the jury in the summary of the pleadings,
no issue as to plaintiff's contributory negligence was
submitted to the jury. Only the issue of defendant's
negligence was submitted. The jury, in effect, was in-
structed that if it found the defendant negligent in one
or more particulars alleged, and that such negligence was

a proximate cause or a proximately contributing cause of the accident, then the verdict should be for the plaintiff for any damages sustained. If the plaintiff failed to establish negligence on the part of the defendant proximately contributing to the injury, then the verdict should be for the defendant.

It is the plaintiff's position that the trial court has the duty to instruct on every issue raised by the pleadings and evidence, and that where there is an issue of plaintiff's contributory negligence, the court must give instructions stating the statutory comparative negligence rule.

Where contributory negligence is an issue under the pleadings and evidence, the court should give an adequate instruction as to contributory negligence, and as to the comparative negligence rule. See Carlson v. Chambers, 173 Neb. 166, 112 N. W. 2d 729. The contents of a comparative negligence instruction are referred to in Darnell v. Panhandle Coop. Assn., 175 Neb. 40, 120 N. W. 2d 278.

Although instructions on contributory negligence and the comparative negligence rule were both proper here, the failure to give an instruction on the comparative negligence rule was not prejudicial to the plaintiff, where contributory negligence was not submitted to the jury. The case of Reals v. Grazis, 125 Neb. 877, 252 N. W. 413, furnishes the foundation for analogy. In that case, the evidence would not support a finding of contributory negligence on the part of the plaintiff, but an instruction on comparative negligence was given. This court said: "Since there was no issue of fact upon the question of contributory negligence, an instruction on comparative negligence should not have been given. But the giving of such an instruction was not prejudicial to the defendant, although it might have been to the plaintiff if the verdict had been adverse to him."

The defendant might well have complained if an adverse verdict had been rendered because of the lack of

instructions on contributory negligence and the statutory comparative negligence rule. That furnishes no support for a claim of prejudice to the plaintiff, where the only issue submitted to the jury was the defendant's negligence.

Errors in instructions not prejudicial to the complaining party are not a ground for reversal of a judgment otherwise correct. Hansen v. First Westside Bank, 182 Neb. 664, 156 N. W. 2d 790.

On the issues as submitted, the verdict of the jury necessarily found no negligence on the part of the defendant. There was sufficient evidence to support that verdict, and the omission of an instruction on the comparative negligence rule under such circumstances was nonprejudicial error.

Judgment is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in result.