IN RE APPLICATION OF RUAN TRANSPORT CORPORATION, DES MOINES, IOWA.
RUAN TRANSPORT CORPORATION, DES MOINES, IOWA, APPELLANT, V. HERMAN BROS., INC., OMAHA, NEBRASKA, ET AL., APPELLEES.

220 N. W. 2d 245

Filed July 18, 1974. No. 39383.

Rodney Peake, for appellant.

James E. Ryan and Richard A. Knudsen, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Ruan Transport Corporation of Des Moines, Iowa, applied for a certificate of public convenience and neces-

sity authorizing it to transport cement by motor vehicle as a common carrier from the Ash Grove Cement Company plant near Louisville, Nebraska, to all points in Nebraska. Applicant handles cement shipments originating in Omaha, Nebraska, and in Kansas and Iowa. It has assets required for the purpose mentioned.

The Ash Grove Cement Company is now served by Herman Bros., Inc., and has no complaint regarding the quality, type, and efficiency of the service rendered except on comparatively rare occasions when its business peaks and short delays are encountered. It would like to use Ruan as a back-up carrier on such occasions. Ash Grove also has access to rail transport. Ash Grove plans to expand its operation.

Herman Bros., Inc., possesses 283 power units, 25 flatbeds for transport of bagged cement, and 202 units equipped to haul bulk cement. Although its equipment is not always fully utilized, it is willing to add additional equipment as required.

The Nebraska Public Service Commission found that the present service rendered by Herman Bros., Inc., was not shown to be inadequate; and that the granting of the application would not serve a public demand or need, is not required by public convenience or necessity, would endanger or impair the present carrier contrary to the public interest, and would result in deteriorating service. The application was denied.

It is conceded that: "The purpose of the Nebraska Motor Carrier Act was regulation for the public interest. Its purpose was not to stifle legitimate competition but to foster it. Its purpose was not to create monopolies in the transportation industry, but to eliminate discrimination, undue preferences or advantages, and unfair or destructive competitive practices." Petroleum Transport Service, Inc. v. Wheeler Transport Service, Inc., 188 Neb. 400, 197 N. W. 2d 8.

It is the policy of the Legislature to regulate transpor-

tation by motor carriers in intrastate commerce in such manner as to preserve the inherent advantages of, and foster sound economic conditions in, transportation by motor carriers, in the public interest; to promote economical and efficient service and reasonable charges, without unjust discrimination, or unfair or destructive competitive practices. See § 75-301, R. R. S. 1943.

A certificate of public convenience and necessity may be issued only when required by the present or future public convenience and necessity. See § 75-311, R. S. Supp., 1972.

The burden is upon the applicant to show that the proposed service is required by public convenience and necessity. See Parsons v. Nebraska State Railway Commission, 181 Neb. 185, 147 N. W. 2d 521.

"The matter of the determination of public convenience and necessity is peculiarly within the discretion and expertise of the Nebraska State Railway Commission and its action will not be disturbed by this court in the absence of a showing that such action was illegal or arbitrary, capricious, and unreasonable." Robinson v. National Trailer Convoy, Inc., 188 Neb. 474, 197 N. W. 2d 633.

"In determining the issue of public convenience and necessity, controlling questions are whether or not the operation will serve a useful purpose responsive to a public demand or need; whether or not this purpose can or will be served as well by existing carriers; and whether or not it can be served by the applicant in a specified manner without endangering or impairing the operations of existing carriers contrary to the public interest." Black Hills Stage Lines, Inc. v. Greyhound Corp., 174 Neb. 425, 118 N. W. 2d 498.

We have before us an instance in which the existing carrier has and is rendering generally satisfactory service. One hundred percent satisfaction is rarely attainable due to business variations and unforseeable or un-

preventable situations. The existing carrier has agreed to expand its services to the Ash Grove Cement Company as may be required. Applicant, under the pretext of rendering only back-up services, seeks a certificate permitting it to enter into unrestricted competition with the existing carrier. This could only result in endangering and impairing the operation of the existing carrier and rendering its large investment in specialized facilities assigned to the service of the Ash Grove Cement Company unprofitable. A disservice may be rendered the public interest by too much, as well as too little, competition in an industry. Such questions are for the determination of the Nebraska Public Service Commission. They are matters of judgment determinable upon the facts in each case and unless its action is illegal, arbitrary, capricious, or unreasonable, this court cannot interfere.

We believe that the order of the Nebraska Public Service Commission is sustained by the evidence. "An order of the Nebraska State Railway Commission which is sustained by the evidence is not unreasonable or arbitrary and will be affirmed upon review." Parsons v. Nebraska State Railway Commission, *supra.*

The order of the Nebraska Public Service Commission is affirmed.

AFFIRMED.