IN RE APPLICATION OF LESLIE M. HUGELMAN, DOING BUSINESS AS M & L TRUCKING. LESLIE M. HUGELMAN, DOING BUSINESS AS M & L TRUCKING, LINCOLN, NEBRASKA, APPELLEE, V. A & A TRUCKING, INC., ET AL., APPELLEES, IMPLEADED WITH ROBERT L. WENTZ, DOING BUSINESS AS B & L TRUCKING CO., LINCOLN, NEBRASKA, ET AL., APPELLANTS.

254 N. W. 2d 412

Filed June 8, 1977. No. 41039.

Nelson, Harding, Marchetti, Leonard & Tate and Bradford & Kistler, for appellants.

James E. Ryan, for appellee Hugelman.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal from an order of the Public Service Commission granting a certificate of public convenience and necessity for the following authority to Leslie M. Hugelman, doing business as M & L Trucking: "SERVICE AUTHORIZED: Transportation of feed and feed ingredients, except in special equipment. TERRITORY AUTHORIZED: (1) From the plantsites and storage facilities of Ralston-Purina Co., at or near Omaha, Nebraska and Lincoln, Nebraska, to all points in the State of Nebraska. RESTRICTION: Restricted to traffic originating at the named origin points."

The Ralston Purina Company operates feed mills in both Omaha and Lincoln, Nebraska. The plants have no storage capacity for manufactured feed so the feed is loaded in trucks as it is manufactured. Trucks are scheduled for specific times so that the manufacturing process will not be delayed by the lack of holding facilities. Most of the feed is hauled from the plants by dealers. On the average there is less than one truckload per day to be hauled by commercial trucks.

On September 19, 1975, the applicant and Robert L. Wentz, doing business as B & L Trucking Co., obtained authority from the commission similar to that granted in this case. The relationship between the applicant and Wentz was terminated on January 30, 1977. Wentz agreed to buy the applicant's interest in the equipment, but the agreement contained no provision regarding the disposition of the certificate they had obtained in 1975. Only a part of the consideration due the applicant has been paid.

The protestants are Wentz, now operating as Wentz Trucking, Lincoln, Nebraska, and Nebraska

Bulk Transports, Inc., located at Bennet, Nebraska. The traffic manager for Ralston Purina testified that Ralston Purina attempted to use Wentz to haul feed from the plants but he was unable to meet its schedule. Ralston Purina then asked the applicant to haul for it and his services have been satisfactory. The applicant has been doing all the commercial hauling for both plants.

Nebraska Bulk Transports holds authority that would permit it to serve the Ralston Purina plants. It has solicited Ralston Purina in the past but has not obtained any business from it. Approximately 65 percent of Nebraska Bulk Transport's trucking service is dedicated to Archer-Daniels-Midland at Lincoln, Nebraska.

The protestants contend the order of the commission should be reversed because it did not contain the "reasoning or other authority" relied upon by the commission as required by section 75-134, R. R. S. 1943, and the evidence does not support the finding of public convenience and necessity.

The issues in this case were essentially issues of fact. The protestants concede that the commission's order did contain both a statement of basic or underlying facts and the ultimate facts as required by section 75-134, R. R. S. 1943. After summarizing the evidence which was presented at the hearing, the order states the findings made by the commission. This amounts to a statement of the "reasoning" of the commission in granting the application and is a substantial compliance with the requirements of section 75-134, R. R. S. 1943.

The issue of public convenience and necessity is ordinarily one of fact. Neylon v. Petersen & Petersen, Inc., 183 Neb. 813, 164 N. W. 2d 452. Where there is substantial evidence to sustain the commission's order this court cannot say the order was unreasonable and arbitrary.

The purpose of the Nebraska Motor Carrier Act

was regulation for the public interest. Its purpose was not to stifle legitimate competition but to foster it. Ruan Transport Corp. v. Herman Bros., Inc., 192 Neb. 343, 220 N. W. 2d 245. There is no evidence that the authority granted in this case will impair or endanger the stability of existing carriers. The competitive situation will not be changed, at least at this time, because the applicant has been furnishing all the commercial service required by Ralston Purina.

The authority which was granted in this case is of a very restricted nature. It is a service which must be performed according to a schedule prescribed by the shipper but it amounts to less than one truckload per day. As we view the record, the order of the commission was not unreasonable or arbitrary and must be affirmed.

AFFIRMED.