IN RE APPLICATION OF LINCOLN ELECTRIC SYSTEM.
LINCOLN ELECTRIC SYSTEM, APPELLEE, V.
LOYD C. TERPSMA AND LORENE TERPSMA, APPELLANTS.

298 N.W.2d 366

Filed November 7, 1980. No. 43125.

Thomas J. Fitchett of Pierson, Ackerman, Fitchett & Akin for appellants.

Charles D. Humble of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and BLUE and CAPORALE, District Judges.

CAPORALE, District Judge.

This is an appeal from an order of the Nebraska Power Review Board (Board) granting an application of the Lincoln Electric System (LES). We affirm.

The appeal asks, as a question of first impression, whether the authority of the Board to find that construction of a transmission line will serve the public convenience and necessity carries with it the power to select the particular route the line must follow. Stated another way, the question is whether the utility which must build the line has the power to select the route, or whether the Board has that power. We hold the utility which builds the line has the power to select the route.

LES applied to the Board for approval of its plan to build a transmission line carrying more than 700 volts along a specified route from an existing LES substation to another existing LES substation.

Norris Public Power District, the only other power district operating in relative proximity to the area crossed by the transmission line, filed a consent and waiver with the Board.

There was evidence that the line was needed to prevent the occurrence of overloads and resultant blackouts for residents of the city of Lincoln. In selecting the proposed line route, LES began by considering 50 possible routes. These were later reduced to 30, then to 11 from which LES chose the one in question. The selection process involved, among other things, various engineering, safety, and budgetary considerations and analyses.

At the public hearing before the Board, the appellants conceded that LES could most economically and feasibly supply the proposed service without unnecessary duplication of facilities but protested that the particular route selected did not serve the public convenience and necessity. Specifically, appellants argue that LES failed to consider fully a previously existing easement which had been created for the construction of a line such as the one in question.

The Board exists to avoid and eliminate conflict and competition among suppliers of electricity, to avoid and eliminate duplication of facilities and resources, and to facilitate the settlement of rate disputes; all to the end of providing Nebraskans with adequate electric service at as low an overall cost as possible. Neb. Rev. Stat. § 70-1001 (Reissue 1976). No transmission line carrying more than 700 volts may be constructed until approval has been obtained from the Board. Neb. Rev. Stat § 70-1012 (Cum. Supp. 1980). Before the Board can approve an application to construct such a line, it must find (among other things not involved here) that the construction sought will serve the public convenience and necessity. Neb. Rev. Stat. § 70-1014 (Reissue 1976).

There is nothing in the pertinent statutes to suggest that the Board, in determining public convenience and necessity, has the power to determine that a transmission line shall be built along a particular route.

We have held previously that an administrative board has no power or authority other than that specifi-

cally conferred upon it by statute or by construction necessary to accomplish the purpose of the act. *Nebraska P. P. Dist. v. Huebner*, 202 Neb. 587, 276 N.W.2d 228 (1979); *City of Auburn v. Eastern Nebraska Public Power Dist.*, 179 Neb. 439, 138 N.W.2d 629 (1965).

Although we have not had prior occasion to pass upon the limitation of the Board's power in the context presented by this appeal, we have had occasions to pass upon analogous questions with respect to the administrative agency whose appeal procedure controls appeals from the Board: the Public Service Commission. Neb. Rev. Stat. § 70-1016 (Reissue 1976).

In *Myers v. Blair Tel. Co.*, 194 Neb. 55, 230 N.W.2d 190 (1975), an action concerning inadequacy of service, we observed that the purpose of the Public Service Commission was to regulate public utilities. Consequently, it had authority to supervise the operation of a utility to the extent of seeing that the utility provided the service for which it exacted payment. Such supervision did not direct how funds of the utility were to be used. In the earlier case of *Skeedee Independent Tel. Co. v. Farm Bureau*, 166 Neb. 49, 87 N.W.2d 715 (1958), an action involving the setting of rates, we held that the Nebraska State Railway Commission, predecessor to the Public Service Commission, could not allow a rate increase marked to meet proposed wage increases only. In doing so, the commission invaded the province of management as, in effect, it directed the payment of a particular wage scale. Our rationale was that the Commission was not the owner of the property of the utility and it was not clothed with the general power of management incident to ownership.

Here, LES will be the owner of the line the Board has approved. The Board found that the line will serve the public convenience and necessity. The Board has discharged its duty and has no authority to select a particular route other than that selected by the utility which the Board supervises, but does not own.

Determination of what is consistent with the public convenience and necessity is a question of fact peculiarly for the determination of the Board. *Hugelman v. A & A Trucking, Inc.*, 198 Neb. 628, 254 N.W.2d 412 (1977). The only questions for this court are whether the Board acted within the scope of its authority and if the order complained of is supported by the evidence and is reasonable and not arbitrarily made. *Groenewold v. Building Movers, Inc.*, 197 Neb. 187, 247 N.W.2d 629 (1976); Neb. Rev. Stat. § 70-1016. The evidence clearly establishes that the line approved by the Board serves the public convenience and necessity. The order of the Nebraska Power Review Board must be affirmed.

AFFIRMED.