FRANCIS S. DEVINE, APPELLANT, V. DEPARTMENT OF
PUBLIC INSTITUTIONS, APPELLEE.

317 N.W.2d 783

Filed April 2, 1982.  No. 43927.

Michael E. Sullivan of Helmann & Sullivan, and Alan E. Peterson, for appellant.

Paul L. Douglas, Attorney General, and John Boehm, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

Francis S. Devine appeals from the judgment of the District Court affirming an order of the State Personnel Board affirming the imposition of administrative probation upon the appellant.

Devine is a staff psychologist employed at the Drug and Alcohol Treatment Center of the Hastings Regional Center.  As a part of his duties, Devine delivered a series of seven lectures to patients participating in the 21-day treatment program.  In these lectures Devine was critical of the philosophy of the program at the Regional Center that alcoholism was a disease and expressed his opinion that the

Alcoholics Anonymous program was satisfactory for only a small number of patients. As a result of these statements, which contradicted the statements of other members of the staff, many patients became confused. As a further consequence of the statements of Devine, other staff members were required to abandon their prepared schedules and devote their efforts to a discussion and refutation of Devine's statements.

Frank Touchstone, the director of psychology at the Regional Center, is the immediate supervisor of Devine. After a series of conferences proved to be of no effect, Touchstone placed Devine on administrative probationary status for 90 days, a form of disciplinary action. Devine then filed a grievance complaint which was denied successively by the director of psychology and the superintendent of the Regional Center, the director of the Department of Public Institutions, and the Director of State Personnel. Devine then appealed to the State Personnel Board which found that Devine had failed to comply with the stated policies and procedures of the Regional Center concerning the treatment philosophy and approach toward alcoholism which, by statute, was based in part on an Alcoholics Anonymous model, and that his negative actions and derogatory statements had resulted in patient confusion and negative staff relations. From the order of the board affirming the imposition of administrative probation, Devine appealed to the District Court.

The review in the District Court of an order of the State Personnel Board is on the record of the agency. Neb. Rev. Stat. § 84-917(5) (Reissue 1976). The questions to be determined are whether the findings of the board are supported by substantial evidence; whether the action taken was within the jurisdiction of the board; and whether its action was arbitrary and capricious.

The principal issue here is whether Devine's con-

duct and statements were protected under the first amendment to the Constitution of the United States. Devine contends that the situation at the Regional Center was comparable to that of an academic institution and that Devine should enjoy a form of "academic freedom" similar to that of a professor in a college or university. The analogy is not appropriate.

The patients to whom Devine spoke were not students at an educational institution but were persons with a serious problem who were at the Regional Center to receive treatment for their problem. The treatment at the Regional Center was based on the theory that alcoholism is a disease, and by statute the center was required to include an Alcoholics Anonymous program as a part of its treatment approach. See Neb. Rev. Stat. § 83-307.01 (Reissue 1976). It is apparent that if the treatment was to have any hope of success, it was essential that the cooperation of the patients be obtained.

The negative effects and confusion that resulted from Devine's statements to patients are described in the testimony of the director of psychology, the director of the Alcohol and Drug Unit, the project coordinator of the Alcohol and Drug Unit, a senior professional counselor, and an alcohol drug counselor at the center. The following excerpt from the testimony of one of the alcohol drug counselors illustrates the problems and disruption in treatment caused by the appellant: "Q- You were going to discuss the first lecture. A- Okay, I would enter the lecture hall to give my lecture, which was on an orientation to the AA steps, and I would go in and I was introducing my name and the title of my lecture, and some of the patients responded that—let me see, how long—responded that the person before me, who was Dr. Devine, had said that counselors do not know anything about alcoholism, that the program of Alcoholics Anonymous does not work, that

total abstinence was not the answer—always the answer, I better correct that, I believe they said always the answer—and didn't this contradict what I was going to say in my lectures or had said in my lectures. And this was brought up to me at times by not just one patient in the audience but there could be as many as eight or ten involved in this out of approximately 40 people. Q- Were you able to continue with your lecture as had been planned? A- No, no way. . . . Q- In addition to giving lectures to patients you also deal with them on, you said in group? A- In group and individual counseling, yes. Q- And in either of these situations did you have patients come to you expressing concern about the conflicting information they· were receiving from Dr. Devine? A- Yes, in both situations, both in individual counseling and in group. In the study group they would ask me to explain or try to explain the disease idea of alcoholism because this was one of the things that they claim Dr. Devine had disagreed with.''

In *Pickering v. Board of Education,* 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968), a case upon which the appellant relies, the U.S. Supreme Court recognized that the state has interests as an employer in regulating the speech of its employees that differ significantly from those that it possesses in connection with regulation of the speech of its citizenry in general. The court also recognized there was a need to maintain discipline and harmony among co-workers and curtail conduct which impeded the proper and competent performance of the duties of employees.

As the trial court noted, and the appellant concedes, the right of free speech is not absolute. The problem in any case is to arrive at a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting

the efficiency of the public services it performs through its employees. *Pickering v. Board of Education, supra.* We believe a proper application of the balancing test supports the conclusion in this case that the statements of the appellant to the patients at the Regional Center were not protected by the first amendment.

In the District Court, the appellant attempted to obtain certain patient records and information by discovery. The objections to these attempts at discovery were properly sustained. The review in the District Court is limited to the record of the agency.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.

KRIVOSHA, C.J., dissenting.

I find that I must respectfully dissent from the majority in this case. While I do not take issue with the general propositions of law advanced by the majority, I believe that their application to the instant case requires us to reach a contrary decision. The majority has correctly noted that the questions to be determined are whether the findings of the board are supported by substantial evidence. I take this to mean more than justly a preponderance of the evidence.

My reading of the record leads me to believe that the evidence is not substantial. At best, we have the testimony of employees who admittedly are opposed to the position taken by Dr. Devine, and who admittedly desire to present a particular position. When one examines their testimony, which admittedly is hearsay, one cannot, in my view, reach a conclusion that the evidence is substantial so as to support the state's position.

While the state maintains that Dr. Devine's behavior was having a negative effect on staff relations and patients, the testimony does not bear out that contention. The only evidence presented was

that of staff who reported in a general fashion what they perceived some of the patients were saying. No patient testified in support of the state's position. It would appear that the staff was more confused by what Dr. Devine was saying than were the patients. There is simply no substantial evidence in the record that the patients' condition of "confusion" was attributable to Dr. Devine's comments on alcoholism. At best, the evidence supports a view that some patients made inquiry as to which of the two views should be accepted.

The parties all concede that Dr. Devine's statements were not false in that there is an honest difference of opinion as to whether alcoholism is a disease, and an honest difference of opinion as to the effect of an AA program on every patient. To suggest that by saying he did not believe that alcoholism was a disease or that it was effective on all people he thereby created confusion which adversely affected the patients' treatment is simply unsupported in the record by any substantial evidence. There is no evidence that Dr. Devine's statements adversely affected the treatment of any patient or prevented a patient from obtaining his desired level of recovery, nor is there any indication that the statements made caused any patient to regress in his treatment.

If, indeed, the position of the department was as important as the department now maintains it was, one would think that an investigation concerning Dr. Devine's views would have been made before hiring him.

I wholeheartedly agree with the majority that the problem in this case is to arrive at a balance between the interests of the employee as a citizen in commenting upon matters of public concern and the interest of the state as an employer in promoting the efficiency of the public services it performs through its employees. My disagreement with the majority

is that I believe the balance tips in favor of the employee. To suggest, as the majority does now, that in every health care facility all of the employees must follow the "party line," absent any substantial evidence that the party line is correct or required, is to impose upon employees in the health care field requirements which I believe the law does not permit. I would have balanced the test in favor of Dr. Devine.