REQUESTED BY: Arthur Duerschner, A.I.A. Executive Director State Board of Examiners for Professional Engineers and Architects
Does the Board of Examiners for Professional Engineers and Architects have the statutory authority to refund examination fees when an applicant does not take the examination as requested?
No.
You have requested an opinion from this office regarding the Board's authority to refund examination fees which it receives from applicants who apply to take an examination, but do not ultimately take the offered examination. We would call your attention to Article IV, Section 25 of the Constitution of the State of Nebraska which provides:
The officers provided for in this article shall receive such salaries as may be provided by law. Such officers, or such other officers as may be provided for by law, shall not receive for their own use any fees, costs, or interest upon public money in their hands. All fees that may hereafter be payable by law for services performed, or received by an officer provided for in this article, by virtue of his office shall be paid forthwith into the state treasury. Further, Article III, Section 25 provides in part that: No money shall be drawn from the treasury except in pursuance of a specific appropriation made by law, and on the presentation of a warrant issued as the Legislature may direct, and no money shall be diverted from any appropriation made for any purpose or taken from any fund whatever by resolution.
It is well established that an administrative board has no power or authority other than that specifically conferred on it by statute. Application of Lincoln Electric System,207 Neb. 289, 298 N.W.2d 366 (1980). An examination of the statutes relating to the Board's authority to charge fees for examinations does not disclose any specific statutory authority for the Board to refund those fees in the event that an applicant does not actually take the exam. Therefore, the Board's position in refusing to refund fees is entirely in accord with the Constitution and statutes of the State of Nebraska. Furthermore, it would be outside the scope of Board's authority to issue any such refunds.
Sincerely,
ROBERT M. SPIRE Attorney General
Ruth Anne E. Galter Assistant Attorney General