DENNIS WOOD, APPELLANT, V. FRED TESCH AND THE COUNTY OF CASS, NEBRASKA, A POLITICAL SUBDIVISION, APPELLEES.

386 N.W.2d 436

Filed May 2, 1986.   No. 85-346.

John P. Fahey of Dowd, Fahey & Dinsmore, for appellant.

John W. Iliff and Edward G. Warin of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff-appellant, Dennis Wood, sued defendants-appellees, Fred Tesch, the sheriff of Cass County, and said county, alleging that they wrongfully terminated his employment as a deputy sheriff. The district court sustained the defendants' motion for "summary judgment" and dismissed Wood's petition. In this appeal Wood assigns error to the district court's ruling that, as an at-will governmental employee, his employment could be terminated "at the will of the appointing officer," without reference to his right of free speech as provided by the first and fourteenth amendments to the U.S. Constitution and by article I, § 5, of the Nebraska Constitution, and his right of assembly as provided by the first and fourteenth amendments to the U.S. Constitution and article XV, § 13, of the Nebraska Constitution. We affirm the dismissal as to the county but reverse and remand for further proceedings as to Tesch.

The record before us consists only of the pleadings and of the lower court's ruling. The pertinent pleadings are Wood's

amended petition, the answer thereto of Tesch and the county, and the subject motion. Since no deposition or affidavits were presented in support of the motion, it was in fact one for judgment on the pleadings, notwithstanding its designation as something other than that. *Mueller v. Union Pacific Railroad*, 220 Neb. 742, 371 N.W.2d 732 (1985); Neb. Rev. Stat. §§ 25-1330, 25-1332 (Reissue 1979).

The well-pleaded facts in Wood's amended petition allege that in late 1980 he and other Cass County deputy sheriffs sought to organize a union for collective bargaining purposes. Thereafter, Tesch and certain unnamed members of the county's board of commissioners stated that the number of deputy sheriffs would be reduced if such efforts continued, but Wood and the others nonetheless persisted in their efforts. On January 29 and 30, 1981, Wood reported to the news media that in 1980 and early 1981 Tesch ordered the destruction of official police records, excluded the Weeping Water and Louisville Police Departments from a course conducted by the state in the use of an Intoxilyzer machine, and utilized persons who were not trained in law enforcement to conduct police raids. On February 1, 1981, Tesch summarily fired Wood for the stated reason that he had made the foregoing remarks to the news media. Wood prayed for reinstatement to his former position with seniority and other employment rights and for the recovery of insurance premiums.

In their answer Tesch and the county generally denied Wood's allegations and asserted that the court lacked subject matter jurisdiction, such being lodged in the Commission of Industrial Relations by Neb. Rev. Stat. § 48-810 (Reissue 1984), and, further, that any cause of action Wood may have had was barred by the 2-year period of limitations imposed by Neb. Rev. Stat. § 25-218 (Reissue 1979) on claims against the state.

Being one for judgment on the pleadings by the defendants, the motion admitted the truth of all the well-pleaded facts in Wood's amended petition, together with all reasonable inferences to be drawn therefrom, and treated as untrue all the controverted facts contained in the answer filed by Tesch and the county. *Mueller v. Union Pacific Railroad, supra.* Notwithstanding the apparent lack of a reply, the allegations of

the answer are considered to have been denied by Wood. *Snyder v. Fort Kearney Hotel Co., Inc.*, 182 Neb. 859, 157 N.W.2d 782 (1968), *aff'd after remand* 185 Neb. 476, 176 N.W.2d 686 (1970); Neb. Rev. Stat. § 25-820 (Reissue 1979).

In the posture of the case the ultimate task of this court is, as was that of the court below, to determine whether Wood has stated a cause of action against Tesch or the county. *Mueller v. Union Pacific Railroad, supra.*

As to the county, the answer is in the negative, for Wood's petition alleges only that certain members of the county's board of commissioners, in effect, as individuals, threatened to fire some deputy sheriffs, not necessarily Wood, if unionization efforts continued.

Irrespective of whatever other deficiencies there may or may not be with that allegation, it is clear that the statements of individual county commissioners acting separately do not constitute the statements of the county. *Morris v. Merrell*, 44 Neb. 423, 62 N.W. 865 (1895). See, also, *May v. City of Kearney*, 145 Neb. 475, 17 N.W.2d 448 (1945). There is no allegation that the county said or did anything through its board of commissioners acting as its legislative body.

Consequently, the court below was correct in dismissing Wood's action against the county.

The questions concerning whether the court below acquired subject matter jurisdiction and whether Wood has stated a viable cause of action against Tesch, however, require further analysis.

To answer those questions we begin by addressing Tesch's affirmative defenses, that the court below lacked subject matter jurisdiction and that any cause of action which may have existed is time barred.

If the lower court lacked jurisdiction of the subject matter, this court lacks jurisdiction as well. *Bammer v. Jensen, ante* p. 400, 384 N.W.2d 263 (1986); *Riedy v. Riedy, ante* p. 310, 383 N.W.2d 742 (1986). Consequently, we are required to consider Tesch's jurisdictional challenge notwithstanding the fact that he did not cross-appeal on that issue.

Section 48-810 provides in part, "All *industrial disputes* involving governmental service . . . or other disputes as the

Legislature may provide *shall* be settled by invoking the jurisdiction of the Commission of Industrial Relations . . . ." (Emphasis supplied.) Industrial dispute is defined in Neb. Rev. Stat. § 48-801(7) (Reissue 1984) as "any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, or refusal to discuss terms or conditions of employment."

The Commission of Industrial Relations is, however, an administrative agency empowered to perform a legislative function. *Transport Workers of America v. Transit Auth. of City of Omaha*, 205 Neb. 26, 286 N.W.2d 102 (1979). As such, it has no power or authority other than that specifically conferred on it by statute or by a construction thereof necessary to accomplish the purposes of the act establishing the commission. *NAPE v. Game & Parks Comm.*, 220 Neb. 883, 374 N.W.2d 46 (1985); *Lincoln Electric System v. Terpsma*, 207 Neb. 289, 298 N.W.2d 366 (1980); *Nebraska P. P. Dist. v. Huebner*, 202 Neb. 587, 276 N.W.2d 228 (1979). It has no authority to vindicate constitutional rights. See *Transport Workers of America v. Transit Auth. of City of Omaha, supra*, which notes that as a general rule administrative agencies have no general judicial powers notwithstanding that they may perform some quasi-judicial duties, and holds that the commission has no judicial powers and has no authority to hear cases for breach of contract, nor to declare rights, duties, and obligations of the parties.

This court has recognized that not every controversy concerning the terms, tenure, or conditions of employment is an industrial dispute which lodges jurisdiction in the commission. *Transport Workers of America v. Transit Auth. of City of Omaha, supra*, holds that a "uniquely personal" termination of employment does not constitute an industrial dispute notwithstanding the fact it may involve a controversy concerning terms, tenure, or conditions of employment. Accord *Nebraska Dept. of Roads Employees Assn. v. Department of Roads*, 189 Neb. 754, 205 N.W.2d 110 (1973) (holding that the commission lacked jurisdiction over a suit

alleging wrongful discharge from employment not arising from antiunion animus).

An inference to be drawn from the facts alleged by Wood is that his termination was uniquely personal, for it resulted, as stated by Tesch, from Wood's reports to the news media. Since that inference can be drawn, and since Wood seeks to vindicate his constitutional rights to free speech and assembly, the court below acquired subject matter jurisdiction.

The second Tesch defense is not properly before us; having not cross-appealed, he has assigned no error to the lower court's failure to find that any cause of action Wood may have had is time barred. Thus, we do not concern ourselves with that allegation.

We move on, then, to the question of whether Wood has stated a cause of action. The first amendment to the U.S. Constitution provides in pertinent part: "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble . . . ." Freedom of speech and the right of assembly have been held to be among the fundamental liberties protected from state impairment by the due process clause of the fourteenth amendment to the U.S. Constitution. *Lloyd Corp. v. Tanner*, 407 U.S. 551, 92 S. Ct. 2219, 33 L. Ed. 2d 131 (1972); *Stromberg v. California*, 283 U.S. 359, 51 S. Ct. 532, 75 L. Ed. 1117 (1931). Moreover, article I, § 5, of the Nebraska Constitution provides in relevant part: "Every person may freely speak . . . on all subjects, being responsible for the abuse of that liberty . . . ." Additionally, article XV, § 13, provides in relevant part: "No person shall be denied employment because of membership in or affiliation with . . . a labor organization . . . ."

It is well established that while one who is a governmental at-will employee may be discharged for no reason at all, see, *Smith v. City of Omaha*, 220 Neb. 217, 369 N.W.2d 67 (1985), and *Patteson v. Johnson,* 721 F.2d 228 (8th Cir. 1983), *appeal after remand* 787 F.2d 1245 (8th Cir. 1986), he or she may not be discharged on a basis that infringes upon constitutionally protected interests. *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977); *Perry v. Sindermann,* 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570

(1972); *Pickering v. Board of Education,* 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968).

It is further well established that a governmental employee may not constitutionally be compelled to relinquish his or her first amendment right to comment on matters relating to his or her employment which are of public concern. *Pickering v. Board of Education, supra*; *Mt. Healthy City Board of Ed. v. Doyle, supra*. Thus, whether Wood's employment was at will or otherwise is immaterial to our inquiry.

As the *Pickering* Court declared, the problem in such a case is to arrive at a balance between the interest of the governmental employee in commenting as a citizen upon matters of public concern and the interest of the governmental employer in promoting the efficiency of the public services it performs through its employees. This balancing approach has been applied by numerous courts in various governmental employment termination cases. *Patteson v. Johnson, supra*; *O'Connor v. Peru State College,* 605 F. Supp. 753 (D. Neb. 1985); *Brasslett v. Cota,* 761 F.2d 827 (1st Cir. 1985); *McMullen v. Carson,* 754 F.2d 936 (11th Cir. 1985); *Brockell v. Norton,* 732 F.2d 664 (8th Cir. 1984).

This court recently applied the approach in *Devine v. Dept. of Public Institutions,* 211 Neb. 113, 317 N.W.2d 783 (1982). Devine, a staff psychologist employed at the drug and alcohol treatment center of the Hastings Regional Center, delivered a series of lectures to patients which were critical of the philosophy of the program. These statements contradicted those of other staff members, thereby leading to confusion among the patients. The director of psychology at the center placed Devine on administrative probationary status for 90 days, a decision that the State Personnel Board later affirmed. Relying primarily on the fact that the recipients of Devine's lectures were people with serious problems whose cooperation was essential for there to be any hope of a successful treatment, the court determined that the first amendment protections did not outweigh the applicable governmental interests.

In *Nebraska Dept. of Roads Emp. A. v. Department of Roads,* 364 F. Supp. 251 (D. Neb. 1973), an action under the Civil Rights Act, 42 U.S.C. § 1983 (1982), the court held that an

employee's statement that the director of the department was not particularly qualified for the position was constitutionally protected speech. In so ruling the court noted the absence of an evidentiary showing that the employee had a close day-to-day working relationship with the director, such as to demand personal loyalty, confidence, or harmony, or that the statement tended in fact to produce disharmony among other employees.

The U.S. Supreme Court has noted that the closeness of the working relationships involved is a factor to be considered in balancing the governmental employee's constitutional right to free speech and the governmental employer's interest in efficiency. In *Connick v. Myers*, 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983), that Court stated that when close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate. Furthermore, it is not necessary for an employer to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships are manifest before taking action. The Court cautioned, however, that the more substantially involved in matters of public concern is the employee's speech, the stronger must be the employer's showing as to the disruptive effect upon the close working relationships and efficiency.

The U.S. Court of Appeals for the Eighth Circuit recently confronted this problem in *Patteson v. Johnson, supra*. On April 2, 1986, it affirmed, on appeal after remand, the U.S. District Court's ruling that a deputy state auditor's right to free speech had been impermissibly abridged. As deputy state auditor, Patteson ranked next to the State Auditor and in his absence might act in his place. Patteson had attended a legislative hearing at the request of the Nebraska Society of Certified Public Accountants, a group of which he was a member, in support of legislation which would require the State Auditor to be a certified public accountant, as was the then State Auditor. During questioning in the course of the hearing, Patteson responded that, contrary to custom, he had refused to sign an audit of the Governor's office because in his opinion it was incomplete.

Wood also claims an abridgment of his right of assembly, a

right which obviously overlaps the right of free speech. As noted in *Henderson v. Huecker*, 744 F.2d 640 (8th Cir. 1984), the right to inform people about unions is protected by both the right to free speech and the right of assembly. Such constitutional protection extends to governmental employees. *Perry v. Sindermann*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972), also mentions that the government cannot deny benefits to a person because of the individual's exercise of his constitutionally protected rights to speech or association.

Concerning the state constitutional provision relating to the right of assembly as pled by Wood, this court, in *Mid-Plains Education Assn. v. Mid-Plains Nebraska Tech. College*, 189 Neb. 37, 39, 199 N.W.2d 747, 749 (1972), stated, "If the employee can demonstrate that adverse action against him was motivated by a desire to discourage or retaliate for union membership or activity, the action is unlawful."

It is clear, therefore, that Wood has pled a cause of action against Tesch for an alleged wrongful termination of his employment which evidence may or may not establish.

Accordingly, the judgment of the court below is affirmed as to the county but reversed and remanded for further proceedings as to Tesch.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.