NEBRASKA PUBLIC EMPLOYEES, LOCAL NO. 251, AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, APPELLANT, V. CITY OF OMAHA, NEBRASKA, APPELLEE.

457 N.W.2d 429

Filed July 13, 1990.    No. 88-651.

Thomas F. Dowd, of Thomas F. Dowd & Associates, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Nebraska Public Employees, Local No. 251, American Federation of State, County and Municipal Employees, AFL-CIO (the union), the collective bargaining representative

of some employees of the City of Omaha (Omaha), appeals an order of the Nebraska Commission of Industrial Relations (CIR) denying its request for test results of Omaha's employees in its bargaining unit.

Because the allegations in the union's petition do not set forth an "[i]ndustrial dispute" within the meaning of Neb. Rev. Stat. § 48-801(7) (Reissue 1988), the CIR lacked subject matter jurisdiction to rule on the union's petition. We dismiss, and remand this cause with directions to dismiss the petition.

"In reviewing a decision of the CIR, this court will consider whether the decision is supported by substantial evidence, *whether the CIR acted within the scope of its statutory authority*, and whether its action was arbitrary, capricious, or unreasonable." (Emphasis supplied.) *Douglas Cty. Health Dept. Emp. Assn. v. Douglas Cty.*, 229 Neb. 301, 304, 427 N.W.2d 28, 33 (1988).

On February 4, 1988, the union, by letter, asked Omaha for all transfer lists and all testing results of employees in the bargaining unit the union represented. Omaha declined to furnish the transfer lists or testing results, basing its decision on Omaha's need to maintain confidentiality. Omaha did state, however, that if the union could provide reasons that would allow it to furnish the information without violating established policies and ordinances, it would do so.

The union did not attempt further communication with Omaha, but, rather, petitioned the CIR to enter an order requiring Omaha to furnish the requested information. The union contended Omaha was not bargaining in good faith and claimed it needed the information to fulfill its obligations as the employees' collective bargaining representative.

The CIR is an administrative agency empowered to perform a legislative function and, as such, has no power or authority other than that specifically conferred on it by statute or by a construction thereof necessary to accomplish the purposes of the act establishing the commission. *Wood v. Tesch*, 222 Neb. 654, 386 N.W.2d 436 (1986), *overruled on other grounds*, *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989). The CIR has no authority to vindicate constitutional rights, to hear cases for breach of contract, or to declare rights, duties,

and obligations of the parties. *Id.*

Neb. Rev. Stat. § 48-810 (Reissue 1988) provides that "*industrial disputes* involving governmental service . . . shall be settled by invoking the jurisdiction of the Commission of Industrial Relations." (Emphasis supplied.) Section 48-801(7) defines "[i]ndustrial dispute" as "any controversy concerning terms, tenure, or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, or refusal to discuss terms or conditions of employment."

In this matter, the union merely made a general request for employee transfer lists and testing results, citing its need to fulfill its obligation as collective bargaining representative. The petition did not allege that this information related to a controversy involving terms and conditions of employment. A mere request by a union for information regarding employee transfer lists and test results which is declined by the employer does not constitute an industrial dispute. Thus, neither the CIR nor this court has subject matter jurisdiction over the matter contained in the union's petition. See *Wood v. Tesch, supra.*

Accordingly, the union's appeal to this court is dismissed, and the cause is remanded to the CIR with directions to dismiss the union's petition.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.